UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANK LAIACONA,

          Plaintiff,

    v.

LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON, d/b/a
LINCOLN FINANCIAL GROUP,
f/k/a LIBERTY LIFE ASSURANCE
INSURANCE COMPANY OF BOSTON,
and DOES 1-10,

          Defendants.

No.  2:21-cv-00222-JAM-DMC

**ORDER GRANTING IN PART AND
DENYING IN PART LINCOLN LIFE
ASSURANCE'S MOTION TO DISMISS**

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

Frank Laiacona ("Plaintiff") worked as a pharmacist for a
Safeway in California.  Compl. ¶ 5, ECF No. 1.  Through this
employment he obtained short and long-term disability insurance
issued by Lincoln Life Assurance Company of Boston ("Defendant"
or "Lincoln").  Id.  In October 2017, Plaintiff applied for long-
term disability benefits after the retinas in both his eyes

---

[1] This motion was determined to be suitable for decision without
oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
for August 10, 2021.

became detached.  Id. ¶ 7.  Lincoln allegedly responded that Plaintiff was not insured under the policy.  Id. ¶ 8.  Plaintiff followed up with Lincoln repeatedly.  Id.  About three months later, Lincoln's claim examiner advised him that no payment could be made until he first applied for Social Security disability benefits.  Id. ¶ 9.  Then in August 2018, a Lincoln representative contacted Plaintiff informing him that they made an error in denying his claim.  Id. ¶ 12.  However, it wasn't until January 2019, that Plaintiff received a partial payment of benefits.  Id. ¶ 17.  Around February 2019, Lincoln made a lump sum payment to Plaintiff for the balance of the unpaid monthly payments that were due.  Id. ¶ 19.

Plaintiff alleges the delay in receiving the benefits meant he was unable to pay for his monthly living expenses.  Id. ¶ 16. As a result, he was forced to rely on credit cards to support himself and incurred increasingly higher monthly interest charges on his unpaid balances.  Id.  Additionally, the lump sum payment he received in 2019 put him at a higher federal income tax bracket than he would have had if he received his benefits on time.  Id. ¶ 20.  Accordingly, Plaintiff brought this action for: (1) breach of contract; (2) bad faith; (3) malicious misrepresentation; (4) gross negligence; and (5) violation of ERISA.  See Compl. at 6.  Defendant now moves to dismiss all of Plaintiff's claims.  Mot. to Dismiss ("Mot."), ECF No. 15. Plaintiff partially opposed this motion.  See Opp'n, ECF No. 17. Defendant replied.  Reply, ECF No. 18.  For the reasons set forth below Defendant's motion is granted in part and denied in part. ///

2

1                       II.   OPINION

2      A.   Legal Standard

3      A Rule 12(b)(6) motion challenges the complaint as not

4 alleging sufficient facts to state a claim for relief.  Fed. R.

5 Civ. P. 12(b)(6).  "To survive a motion to dismiss [under

6 12(b)(6)] a complaint must contain sufficient factual matter,

7 accepted as true, to state a claim for relief that is plausible

8 on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

9 (internal quotation marks and citation omitted).  While

10 "detailed factual allegations" are unnecessary, the complaint

11 must allege more than "[t]hreadbare recitals of the elements of

12 a cause of action supported by mere conclusory statements."  Id.

13 "In sum, for a complaint to survive a motion to dismiss, the

14 non-conclusory 'factual content,' and reasonable inferences from

15 that content, must be plausibly suggestive of a claim entitling

16 the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d

17 962, 969 (9th Cir. 2009).

18      B.   Analysis

19         1.   Preemption of State Claims

20      Congress enacted ERISA to protect "the interest of

21 participants in employee benefit plans and their beneficiaries."

22 Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (quoting

23 29 U.S.C. § 1001(b)).  It did so by "setting out substantive

24 regulatory requirements for employee benefit plans and to

25 'provide appropriate remedies, sanctions, and ready access to

26 the Federal courts.'"  Id. (quoting 29 U.S.C. § 1001(b)).  To

27 achieve uniformity in employee-benefit plan regulations, ERISA

28 includes "expansive pre-emption provisions, which are intended

1    to ensure that employee benefit plan regulation would be

2    'exclusively a federal concern.'"  Id. (quoting Alessi v.

3    Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981)).  Section

4    29 U.S.C. § 1144(a) states that ERISA "shall supersede any and

5    all State laws insofar as they may now or hereafter relate to

6    any employee benefit plan."

7         Defendant argues all of Plaintiff's state law claims are

8    preempted by ERISA as they are based on the alleged improper

9    processing of his disability benefits and thus relate to the

10   ERISA plan.  Mot. at 5-7.  Plaintiff concedes ERISA preempts his

11   state law causes of action and does not oppose their dismissal.

12   Opp'n at 3 n.1.  Accordingly, Plaintiff's state law claims for

13   breach of contract, bad faith, malicious misrepresentation of

14   material fact and gross negligence are dismissed with prejudice.

15   See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043,

16   1046 (9th Cir. 2006) (explaining a district court need not grant

17   leave to amend where amendment would be futile).

18             2.   ERISA Claims

19        Plaintiff also asserts a claim under ERISA.  See Compl.

20   ¶ 31-5.  However, it is not clear from his complaint under what

21   provision.  See generally id.  His opposition implies he seeks

22   relief under 29 U.S.C. § 1132(a)(1), § 1132(a)(2), and

23   § 1132(a)(3).  See Opp'n at 7.  Thus, the Court addresses

24   whether Plaintiff has stated a plausible claim for relief under

25   any of these provisions.

26        *1132(a)(1)(B)*

27        Section 1132(a)(1)(B) allows a plan participant "to recover

28   benefits due to him under the terms of the plan, to enforce his

4

1    rights under the terms of the plan, or to clarify his right to

2    future benefits under the terms of the plan."  29 U.S.C.

3    § 1132(a)(1)(B).

4         As Defendant points out, Plaintiff acknowledges in his

5    complaint that he has been paid all the benefits owed to him

6    under the terms of the plan.  See Compl. ¶ 19.  Instead,

7    Plaintiff here seeks interest on the benefits Defendant delayed

8    paying him.  See Opp'n.  Because Plaintiff alleges he has

9    recovered the benefits due to him under the terms of the plan,

10   he has failed to state a claim under § 1132(a)(1)(B).  See

11   Mathews v. Xerox Corp., 319 F.Supp.2d 1166 (S.D. Cal. 2004) (no

12   claim under § 1132(a)(1)(B) for interest on delayed benefits

13   payments when the plan does not provide for such a remedy).  To

14   the extent Plaintiff's claim relies on this section, it is

15   dismissed with prejudice.  See Deveraturda, 454 F.3d 1043, 1046

16   (district court need not grant leave to amend where amendment

17   would be futile).[2]

18        *1132(a)(2)*

19        Section 1132(a)(2) "permits a plan participant to bring a

20   civil enforcement action against any fiduciary 'to make good to

21   such plan any losses to the plan resulting from [the

22   fiduciary's] breach.'"  Wise v. Verizon Comm'n, Inc., 600 F.3d

23   1180, 1189 (9th Cir. 2010) (quoting 29 U.S.C. § 1109(a)).  This

24   section, however, only provides a remedy for injuries to the

25

26   [2] Defendant is correct that while 28 U.S.C. § 1961 allows the
     Court to award interest on any money judgment, it is not a cause
27   of action under which Plaintiff can bring suit.  See 28 U.S.C.
     § 1961; Blankenship v. Liberty Life Assur. Co. of Boston, 486
28   F.3d 620, 628 (9th Cir. 2007).

                                    5

1  ERISA plan as a whole.  Id.  It does not provide "a cause of

2  action for extra-contractual damages caused by improper or

3  untimely processing of benefit claims."  Mass. Mut. Life Ins.

4  Co. v. Russell, 473 U.S. 134, 148 (1985).

5       Here, Plaintiff does not allege any injury to the plan as a

6  whole.  See generally Compl.  Rather, Plaintiff seeks extra-

7  contractual damages caused by the improper and untimely

8  processing of his individual claim for benefits.  Id.; see also

9  Opp'n.  Accordingly, Plaintiff has failed to state a claim under

10  § 1332(a)(2) of ERISA.  See Russell, 473 U.S. at 148.  To the

11  extent Plaintiff's claim rests on § 1332(a)(2) it is also

12  dismissed with prejudice.  See Deveraturda, 454 F.3d at 1046.

13       *1132(a)(3)*

14       Section 1132(a)(3) "authorize[s] ERISA plan beneficiaries

15  to bring a lawsuit [. . .] that seeks relief for individual

16  beneficiaries harmed by an administrator's breach of fiduciary

17  obligations."  Varity Corp v. Howe, 516 U.S. 489, 492 (1996).

18  An individual bringing a claim under § 1132(a)(3) may seek

19  "appropriate equitable relief," which refers to "those

20  categories of relief that, traditionally speaking (i.e. prior to

21  the merger of law and equity) were typically available in

22  equity."  CIGNA Corp. v. Amara, 563 U.S. 421, 439 (2011)

23  (internal quotation marks and citations omitted).  This relief

24  may include surcharge, which is monetary compensation for a loss

25  resulting from a trustee's breach of duty.  Id. at 441-42.

26  "Through surcharge, a beneficiary may seek make-whole relief,

27  the remedy that will put the beneficiary in the position he or

28  she would have attained but for the trustee's breach."  Castillo

1  v. Metro. Life Ins. Co., 970 F.3d 1224, 1230 (9th Cir. 2020).

2       "Because § 1132(a)(3) acts as a safety net, offering

3  appropriate equitable relief for injuries caused by violations

4  that § 502 does not elsewhere adequately remedy, relief is not

5  available under § 1132(a)(3) where Congress elsewhere provided

6  adequate relief for a beneficiary's injury." Id. at 1229.

7  "Thus, a claimant may not bring a claim for denial of benefits

8  under § 1132(a)(3) when a claim under § 1132(a)(1)(B) will

9  afford adequate relief." Id.

10      Relying on Rochow v. Life Ins. Co. of N. Am., 780 F.3d 364

11  (6th Cir. 2015), Defendant argues Plaintiff cannot bring a claim

12  under § 1132(a)(3).  Reply at 3.  In Rochow, the plaintiff

13  brought a claim under § 1132(a)(1)(B) to recover the benefits he

14  had been wrongfully denied, as well as a claim under

15  § 1132(a)(3).  Rochow, 780 F.3d at 370.  The Sixth Circuit held

16  that Rochow could not pursue a breach-of-fiduciary claim under

17  § 1132(a)(3) based on a denial of benefits where the remedy

18  under § 1132(a)(1)(B) was adequate to make him whole.  Id. at

19  371.  Because Rochow hadn't shown that the benefits recovered,

20  attorney's fees, and potential prejudgment interest available

21  was inadequate to make him whole, he could not maintain an

22  action under § 1132(a)(3).

23      Contrastingly here, as Defendant acknowledges, Plaintiff

24  does not have a claim under § 1132(a)(1)(B).  Reply at 2.  Thus,

25  unlike the plaintiff in Rochow, Plaintiff does not have an

26  adequate remedy under § 1132(a)(1)(B).  Rochow, therefore, does

27  not support dismissing Plaintiff's § 1132(a)(3) claim.  In the

28  absence of compelling authority to do so, the Court declines to

dismiss Plaintiff's ERISA claim at this early stage of the proceedings in so far as it is based on § 1132(a)(3).  See Zisk v. Gannet Co. Income Prot. Plan, 73 F.Supp.3d 1115, 1121 (N.D. Cal. 2014) (declining to dismiss plaintiff's § 1132(a)(3) claim for penalties and interest incurred when he used his retirement account in lieu of disability benefits); see also Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999, 1006 (8th Cir. 2004) ("courts may award prejudgment interest as 'other appropriate equitable relief' under § 1132(a)(3)(B) when benefits are wrongfully delayed"); Skretvedt v. E.I. Dupont De Nemours, 372 F.3d 193, 215 (3rd Cir. 2004) (finding that if a plaintiff's benefits were withheld or delayed in violation of ERISA or an ERISA plan, then an action for interest under § 502(a)(3) would lie); Dunnigan v. Metro. Life Ins. Co., 277 F.3d 223, 229 (2nd Cir. 2002) (finding plaintiff could recover interest for delayed payments under § 1132(a)(3) as make-whole relief).

### III.   ORDER

For the reasons set forth above, the Court:

1.   GRANTS Defendant's Motion to Dismiss Plaintiff's state law claims for breach of written contract, bad faith, malicious misrepresentation of material fact, and gross negligence with prejudice;

2.   GRANTS Defendant's Motion to Dismiss Plaintiff's ERISA claim to the extent it is predicted on 29 U.S.C. § 1132(a)(1)(B) with prejudice;

3.   GRANTS Defendant's Motion to Dismiss Plaintiff's ERISA

1   claim to the extent it is predicted on 29 U.S.C § 1132(a)(2) with
2   prejudice; and
3        4.   DENIES Defendant's Motion to Dismiss Plaintiff's ERISA
4   claim under 29 U.S.C. § 1132(a)(3).
5        IT IS SO ORDERED.
6   Dated: October 6, 2021
7
8   _____
    JOHN A. MENDEZ,
    UNITED STATES DISTRICT JUDGE
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28